

# NUMBER 13-13-00339-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICKY ESQUIVEL,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Ricky Esquivel appeals his conviction of possession of heroin with intent to deliver, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West, Westlaw through 2013 3d C.S.). Appellant pleaded guilty pursuant to a plea agreement, and the trial court assessed punishment at five years' confinement in the

Texas Department of Criminal Justice. By a single issue, appellant contends the trial court should have granted his motion to suppress. We affirm.

## I. BACKGROUND

At appellant's suppression hearing, Corpus Christi police officers Robert LaRock and Steven Richard Day testified that they began following appellant's vehicle after they observed him interact with a person at a house under their surveillance. Officer LaRock testified the house was known for drug and gang activity and that they were conducting surveillance on it because a "certified informant" told them that someone in a "SUV-type vehicle" planned to deliver heroin at the house that day. Both officers testified they saw appellant arrive in a Nissan Murano, which Officer LaRock described as "a mid-size SUV." Officer LaRock noted that appellant parked illegally—"facing the flow of traffic." The officers observed someone[1] exit the house and approach appellant's vehicle. Officer LaRock testified that the person made a "hand exchange" with appellant, and then appellant left in his vehicle.

The officers followed appellant's vehicle until he made a second stop near an apartment complex. En route, the officers observed appellant fail to properly signal a lane change. The officers contacted a nearby marked patrol unit[2] to initiate a traffic stop, but appellant stopped at the apartment complex before the other unit arrived. When appellant arrived at the apartment complex, Officer LaRock noted that he parked more than eighteen inches away from the curb and facing the wrong direction. Appellant

---

[1] Officer LaRock testified he did not recall whether the person was a man or woman. Officer Day testified the person was a female.

[2] During cross-examination, Officer LaRock testified he and Officer Day were in an unmarked vehicle.

2

exited the vehicle, leaving it running with the door ajar, and walked quickly towards the apartment complex, which caused both officers to believe appellant knew they were following him.

As appellant approached the apartment complex, Officer LaRock identified himself as a police officer, and Officer Day frisked appellant. At the suppression hearing, Officer Day explained that he frisked appellant because he thought appellant was a drug courier and that he may have had a weapon. During the frisk, Officer Day felt a hard object in appellant's front pocket. When asked what the object was, appellant said it was a scale and heroin. Officer Day then placed appellant under arrest. After the appellant was placed into handcuffs, both officers peered into the Murano through the open door and observed what they recognized from their experience to be black tar heroin packaged in plastic baggies and sitting in plain view near the center console.

## II. STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress, we view all of the evidence in the light most favorable to the trial court's ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2008); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (en banc). "This is so because it is the trial court that observes firsthand the demeanor and appearance of a witness, as opposed to an appellate court which can only read an impersonal record." *Ross*, 32 S.W.3d at 855; *see Wiede*, 214 S.W.3d at 24. We afford "almost total deference" to the trial court's determination of

3

historical facts that the record supports, "especially when the trial court's findings are based on an evaluation of credibility and demeanor." *Ross*, 32 S.W.3d at 856 (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc)); *see Wiede*, 214 S.W.3d at 25. We grant the same amount of deference to the trial court's rulings on mixed questions of law and fact that turn on credibility and demeanor. *Wiede*, 214 S.W.3d at 25; *Ross*, 32 S.W.3d at 856.

When a trial court makes no explicit fact findings, as here, we infer the necessary fact findings that would support the ruling if the record evidence (viewed in the light most favorable to the trial court's ruling) supports the implied fact findings. *Garcia-Cantu*, 253 S.W.3d at 241; *Wiede*, 214 S.W.3d at 25. We review the trial court's legal rulings de novo unless its supported-by-the-record explicit fact findings are dispositive of the legal ruling. *State v. Kelley*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

## III. DISCUSSION

By his sole issue, appellant argues the police officers lacked probable cause to follow his vehicle and to thereafter arrest him. Appellant contends that the information the officers received from an informant's tip and gleaned from their personal observations was insufficient to justify following him. Appellant does not dispute that he committed multiple traffic violations. On appeal, the State justifies the search on, among other grounds, the ground that the search was incident to arrest for the traffic violations. We agree with the State.

An officer may search an arrestee's person incident to lawful arrest. *See, e.g.*, *State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005). It is irrelevant whether

4

the arrest occurs immediately before or after the search, as long as probable cause to arrest precedes the search. *See Rawlings v. Kentucky*, 448 U.S. 98, 111 (1980); *see also State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). An otherwise valid search incident to arrest will be upheld, even if the initial offense is not the actual reason for the officer's arrest. *State v. Morales*, 322 S.W.3d 297, 300 (Tex. App.—Dallas 2010, no pet.); *see Williams v. State*, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986) (en banc) (holding a search of a defendant's person valid because the arresting officer possessed probable cause to arrest defendant on a previously observed parking violation); *see also Johnson v. State*, No. 13-11-00363-CR, 2013 WL 784518, at *2 (Tex. App.—Corpus Christi Feb. 28, 2013, no pet.) (mem. op., not designated for publication).

By the time the officers searched appellant, the officers had probable cause to arrest him for various traffic violations he committed in their presence. *See* TEX. TRANSP. CODE ANN. § 543.001 (West, Westlaw through 2013 3d C.S.); *see also Williams*, 726 S.W.2d at 101; *Johnson*, 2013 WL 784518 at *3. Although appellant argues the officers needed probable cause to follow and observe him in the first place, that is not required under the law; police officers may "observe circumstances and evidence that are in 'plain view' to the public." *Hamilton v. State*, 590 S.W.2d 503, 504 (Tex. Crim. App. [Panel Op.] 1979) (citing *United States v. Lee*, 274 U.S. 559 (1927); *Hester v. United States*, 265 U.S. 57 (1924)); *see Metoyer v. State*, 860 S.W.2d 673, 678 (Tex. App.—Fort Worth 1993, pet. ref'd) ("[N]either probable cause nor reasonable suspicion are necessary to authorize a surveillance."); *Town of South Padre Island v. Jacobs*, 736 S.W.2d 134, 139 (Tex. App.—Corpus Christi 1986, pet. denied) (same); *see also State v. Hunt*, No. 12-11-

00186-CR, 2012 WL 3986243, at *3 (Tex. App.—Tyler Sept. 12, 2012, no pet.) (mem. op., not designated for publication) (same). Moreover, the officers did not arbitrarily follow appellant; their interest began after they observed him arrive at a known drug and gang house in a vehicle similar to one that a confidential informant stated would deliver heroin to the house and after he made a "hand exchange" with someone there.

Appellant was not under arrest when the officers searched him, but the law only requires that probable cause to arrest precede a search incident to arrest.[3] *See Rawlings* 448 U.S. at 111; *Ballard*, 987 S.W.2d at 892. The officers did not arrest appellant for the traffic violations; they arrested him for possessing heroin, which they discovered during the search. We nevertheless uphold the search because the officers had probable cause to arrest appellant for the traffic violations, and it is irrelevant that the actual reason for the arrest was for appellant's illegal possession of heroin. *See Williams*, 726 S.W.2d at 101; *Morales*, 322 S.W.3d at 300.

We conclude the search was lawful as one incident to lawful arrest. *See Williams*, 726 S.W.2d at 101; *Morales*, 322 S.W.3d at 300. Having held that the search was valid under that theory, we need not address the State's alternative theories supporting the search nor appellant's argument that the informant's information was insufficient to create probable cause to search appellant. *See* TEX. R. APP. P. 47.1. We overrule appellant's issue.

---

[3] The record reflects that the officers frisked appellant for weapons pursuant to *Terry v. Ohio*, 392 U.S. 1, 27 (1968). Because we hold the search was valid as incident to arrest, we need not address the State's *Terry* argument. *See* TEX. R. APP. P. 47.1.

6

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2014.