The STATE of Texas, Appellant,

v.

Ryan Scott MORALES, Appellee.

No. 05–09–00159–CR.

Court of Appeals of Texas,
Dallas.

Jan. 21, 2010.

Pamela Liston, Rowlett, for Appellant.

Russ Alan Baker, McKinney, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion By Justice FITZGERALD.

On our own motion, we withdraw the opinion issued November 24, 2009 and vacate our judgment of that date. *See generally* Tex.R.App. P. 19.1. This is now the opinion of the Court.

Ryan Scott Morales was convicted in a jury trial in the municipal court of record of the City of Rowlett for possession of drug paraphernalia, and a $500 fine was assessed. *See* Tex. Health & Safety Code Ann. § 481.125(b), (d) (Vernon 2003). Morales filed a motion for new trial, which the trial court granted. Morales then filed an application for writ of habeas corpus asserting the new trial was barred by the double jeopardy clauses of the United States and Texas constitutions. The trial court granted the application and ordered that Morales be discharged and a judgment of acquittal entered. The State of Texas timely filed notices of appeal from the trial court's orders granting the motion for new trial and granting the application for writ of habeas corpus. The county criminal court of appeals no. 1 affirmed the trial court's orders, and the State timely appealed that judgment to this Court. *See* Tex. Gov't Code Ann. §§ 30.00014(a), .00027(b) (Vernon 2004 & Supp.2009); Tex. Code Crim. Proc. Ann. art. 44.01(a)(3), (4) (Vernon Supp.2009). We reverse the judgment of the county criminal court of appeals no. 1, we vacate the orders of the municipal court of record granting the motion for new trial and application for writ of habeas corpus, and we order the judgment of Morales's conviction and sentence reinstated.

## BACKGROUND

On February 27, 2007, Rowlett Police Officer Jeff Townsend observed Morales make a turn without signaling. Townsend stopped Morales and asked to see his proof of insurance. Morales did not have proof of insurance. Townsend checked Morales's driver's license and found several warrants. Townsend confirmed the warrants, arrested Morales, and searched Morales's car as a search incident to arrest. In the back seat of the car, the officer found a gym bag, in which he found a pipe with marijuana residue. When they reached the police station, the officer issued Morales a citation for possession of drug paraphernalia and failure to maintain financial responsibility.

Morales moved to suppress the officer's testimony about the arrest and subsequent search on the ground that the State failed to prove the arrest was lawful by producing the warrants in court. The officer testified the arrest was pursuant to the pending arrest warrants; however, he did not bring the warrants to court. Morales argued that without the warrants being brought before the court, the State could not show the arrest pursuant to the warrants was lawful and, thus, that the search incident to the arrest was lawful. The trial court overruled the objection and admitted the officer's testimony. On August 9, 2007, the jury found Morales guilty and assessed his punishment at a $500 fine.

Morales filed a motion for new trial asserting the trial court erred by overruling his objection to Officer Townsend's testimony about the evidence seized because the State did not produce the arrest warrants in court for the trial court's inspection. He argued the evidence seized from his vehicle should have been suppressed because the State failed to prove the legality of the arrest. The State re-

sponded by arguing the arrest and subsequent search were valid because the officer had probable cause to arrest Morales for failing to signal when turning and for failing to have proof of financial responsibility. On September 7, 2007, the trial court granted the motion for new trial.

On October 31, 2007, the trial court issued a second order granting the motion for new trial that set out the court's reasoning for granting the motion. The trial court stated that admission of evidence of the arrest and search incident to arrest was erroneous because the State failed to present to the court the outstanding arrest warrants and supporting affidavit on which Officer Townsend testified he relied in making the arrest. The court stated the record supported the issuance of a citation for failing to maintain financial responsibility, but the court observed that Townsend did not tell Morales before the search that he was being cited for failing to maintain financial responsibility and that the citation was not issued until Townsend and Morales arrived at the police station. The court stated that it "would need to assume the determination to issue a citation was made prior to the search incident to arrest. The [c]ourt is unwilling to assume when the determination to issue a citation was made." The court ordered that Morales be granted a new trial. Morales then filed a pretrial application for writ of habeas corpus asserting his retrial was barred by the prohibition against double jeopardy. *See* U.S. CONST. amend. V; TEX. CONST. art. 1, § 14. On November 19, 2007, the trial court granted the application and ordered Morales acquitted.

The State appealed the granting of the motion for new trial and application for writ of habeas corpus to the Dallas County Criminal Court of Appeals No. 1, which affirmed the orders of the trial court. The State now appeals to this Court.

## GRANT OF MOTION FOR NEW TRIAL

■ In its second issue, the State asserts the trial court erred by granting Morales's motion for new trial. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Webb v. State*, 232 S.W.3d 109, 112 (Tex.Crim.App. 2007). We view the evidence in the light most favorable to the trial court's ruling and uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.; Wead v. State*, 129 S.W.3d 126, 129 (Tex.Crim.App.2004). We do not substitute our judgment for that of the trial court, but decide whether the trial court's decision was arbitrary or unreasonable. *Webb*, 232 S.W.3d at 112. A trial court abuses its discretion in ruling on a motion for new trial only when no reasonable view of the record could support the ruling. *Id.; State v. Herndon*, 215 S.W.3d 901, 907 (Tex.Crim.App.2007). In ruling on a motion for new trial, the trial court may make written or oral findings of fact. TEX.R.APP. P. 21.8(b).

■ Contrary to the trial court's order, for the search to be valid based on Morales's failure to maintain financial responsibility, Officer Townsend need not have decided prior to the search to issue a citation for that offense. It was necessary only that the probable cause for the arrest existed prior to the search. *See State v. Ballard*, 987 S.W.2d 889, 892 (Tex.Crim. App.1999). "Probable cause for an arrest exists where, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing a crime." *Id.*

Failure to maintain financial responsibility is an offense under the transportation

code. Tex. Transp. Code Ann. § 601.051 (Vernon 1999). A person who does not provide an officer with evidence of financial responsibility is presumed to have violated the requirement of maintaining financial responsibility. *Id.* § 601.053(b) (Vernon Supp.2009). The police have authority to arrest a person for committing this offense. *See id.* § 543.001; *Vela v. State,* 871 S.W.2d 815, 819 (Tex.App.-Houston [14th Dist.] 1994, no pet.).

■ An otherwise valid search incident to arrest will be upheld as long as there was probable cause to arrest the defendant for some offense, even if it was not the actual reason the officer arrested the defendant.[1] This principle was illustrated in *Williams v. State,* 726 S.W.2d 99 (Tex. Crim.App.1986). In that case, the officer approached a pickup truck parked on the wrong side of the street where the officer suspected a drug transaction was occurring. *Id.* at 100. The officer saw a man in the pickup truck, the defendant, make a downward motion. The officer saw a bag on the floor of the pickup, reached into the pickup, looked in the bag, and found a gun in the bag. The officer arrested the defendant for unlawfully carrying a weapon. *Id.* When asked why he reached into the pickup, the officer answered "[n]arcotics and for my safety." *Id.* The court of criminal appeals held the search was a valid search incident to arrest because prior to the search, the officer had probable cause to arrest the defendant for the offense of illegal parking. *Id.* at 101. The court stated the fact that the officer "was investigating what he took to be a narcotics transaction is of no moment in this case." *Id.*

■ Likewise, in this case, before Officer Townsend searched Morales's car, he had probable cause to arrest him for failing to maintain financial responsibility; the fact that Townsend subjectively believed he was arresting Morales on outstanding warrants does not affect the legality of the arrest or the search incident to the arrest. Contrary to the trial court's concerns, whether the officer decided to issue the citation before or after the search did not affect the validity of the search. "That the officer does not have the state of mind correlative to the reasons which provide legal justification for his conduct does not invalidate the action taken as long as the circumstances, viewed objectively, justify the action." *State v. West,* 20 S.W.3d 867, 872 n. 5 (Tex.App.-Dallas 2000, pet. ref'd) (quoting *Stoneham v. State,* 764 S.W.2d 13, 15 (Tex.App.-Houston [14th Dist.] 1988, no pet.)). In this case, the circumstances, viewed objectively, justified Townsend's arrest of Morales. We thus reject Morales's argument in his motion for new trial challenging the search based entirely on the State's failure to introduce the warrants. We conclude Morales was lawfully arrested for failure to maintain financial responsibility.

No reasonable view of the record supports the trial court's ruling granting the motion for new trial. Accordingly, we conclude the trial court abused its discretion in granting the motion, and we order Morales's conviction and sentence reinstated. We sustain the State's second issue.

In the first issue, the State asserts the trial court erred in granting Morales's pretrial application for habeas corpus for double jeopardy. Because we order Morales's original conviction reinstated, there will be no second trial and, thus, no double jeopardy. We sustain the State's first issue.

---

1. We note that Morales has raised no argument that the scope of the search exceeded that permitted by the Constitution, so we do not address the propriety of the search under cases such as *Arizona v. Gant,* ⸺ U.S. ⸺, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).

## CONCLUSION

We reverse the judgment of the county court of criminal appeals no. 1, we vacate the trial court's orders granting Morales's application for writ of habeas corpus and motion for new trial, and we order the judgment of Morales's conviction and sentence reinstated.