

# NUMBER 13-11-00363-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

ALVIOUD JOHNSON,                                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

## On appeal from the 117th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela and Perkes[1]
### Memorandum Opinion by Justice Perkes

Appellant, Alvioud Johnson, appeals his conviction for possession of cocaine

(habitual felony offender), a second-degree felony. *See* TEX. HEALTH & SAFETY CODE

ANN. § 481.115 (West 2011). After appellant's motion to suppress the evidence

obtained at the time of his arrest was overruled, he pleaded *nolo contendere* to

---

[1] The Honorable Rose Vela, former Justice of this Court, did not participate in this opinion because her term of office expired on December 31, 2012.

possession of a controlled substance. The trial court found appellant guilty of the offense and sentenced him to twenty-five years of confinement in the Texas Department of Criminal Justice, Institutional Division. By a single issue, appellant appeals the trial court's denial of his motion to suppress. We affirm.

## I. BACKGROUND[2]

The underlying criminal proceeding arose from a traffic stop. Officer Gabriel Garcia stopped appellant for three alleged traffic violations: failure to properly signal within one hundred feet of a turn; switching lanes without using a turn signal; and driving a vehicle with a "possible emissions violation." Officer Garcia testified that because appellant also failed to produce a driver's license, he asked him to exit the vehicle and performed a "pat down" search of appellant "for officer safety."

During the pat down, Officer Garcia felt an "unknown object" about the size of "a little ChapStick container" on appellant's "left thigh area" under appellant's shorts; it was sewn into the bottom elastic band of appellant's boxer-brief underwear. Appellant was wearing thin basketball shorts. Officer Garcia testified that, based on his training and experience and the location of the object, he suspected that the object contained narcotics. According to Officer Garcia, he then asked appellant if he had any weapons or anything illegal and appellant said that he did not. Rather, "He said to go ahead and search him." On the second pat down, Officer Garcia again felt the object.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

Officer Garcia asked appellant what the object was, and appellant "kept saying it was nothing." Officer Garcia testified that he grabbed the object and told appellant, "This is what I'm talking about," at which point appellant said, "You know what it is, go ahead and get it." Officer Garcia testified that he cut the object out of the bottom lining of appellant's underwear with a pocket knife. The object was a "clear plastic bag containing a white powder substance in it." Officer Garcia seized a scale and some sandwich bags from the vehicle, "which are all consistent with drug dealing." Officer Garcia arrested appellant for possession of a controlled substance, possession of drug paraphernalia, and driving with an invalid license.

## II. SEARCH INCIDENT TO ARREST

By one issue, appellant argues that the trial court erred by denying his motion to suppress.[3] In support of his argument, he contends in subparts: (1) the *Terry*[4] stop did not automatically justify a frisk; (2) the frisk was not supported by objective facts showing that he may be armed and dangerous; (3) the officer disproved the need for a frisk because he testified that he did not consider appellant to be dangerous; (4) appellant's

---

[3] The State contends that appellant waived these issues on appeal by pleading *nolo contendere*, which included a waiver of "all pretrial motions filed in this cause, except those motions previously ruled upon by the Court," because there is no record evidence that the court adversely ruled on appellant's motion prior to him pleading *nolo contendere*. First, during appellant's open plea, the trial court stated, "I know there was a concern with regards to the stop, okay, which I did not—your attorney did a wonderful job, I have to admit that. And unfortunately, I—I couldn't find and suppress that evidence." Although the statement appears in the open plea, it is phrased in the past tense. Second, the clerk's record includes a letter written by appellant that states in relevant part, "I had my lawyer . . . suppress for evidence which you denied." The document is noted to have been received by the court on April 20, 2011 and filed on April 22, 2011, thus after the April 8 hearing on appellant's motion and before his May 13 open plea. We hold that this statement, in addition to the trial court's confirmation of denial, shows the trial court denied appellant's motion to suppress before he pleaded *nolo contendere*. Accordingly, we reject the argument of waiver and address the merits as preserved.

[4] *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (police officer may for his protection, without probable cause, conduct a limited search for weapons if "he has reason to believe that he is dealing with an armed and dangerous individual.").

3

consent was not voluntary under the totality of the circumstances; and (5) the presence of a small lump in appellant's clothing did not justify a more intrusive search.

## A. Standard of Review

We employ an abuse-of-discretion standard of review for a trial court's ruling on a motion to suppress. *See Cain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). "The trial court is given almost complete deference in its determination of historical facts, especially if those are based on an assessment of credibility and demeanor." *Id.*; *see Moreno v. State*, 124 S.W.3d 339, 344 (Tex. App.—Corpus Christi 2003, no pet.). "The same deference is afforded the trial court with respect to its rulings on application of the law to questions of fact and to mixed questions of law and fact, if resolution of those questions depends on an evaluation of credibility and demeanor." *Cain*, 315 S.W.3d at 48. For mixed questions of law and fact that do not fall within that category, a reviewing court may conduct a de novo review. *Id.*; *Moreno*, 124 S.W.3d at 344.

When the trial court does not make express findings of fact, an appellate court must view the evidence in the light most favorable to the trial court's ruling, assuming that it made any implicit findings of fact that are supported by the record. *Cain*, 315 S.W.3d at 48; *Moreno*, 124 S.W.3d at 344. An appellate court will sustain the trial court's decision if it concludes that the decision is correct on any theory of law applicable to the case. *Cain*, 315 S.W.3d at 48; *Moreno*, 124 S.W.3d at 344.

## B. Analysis

Although appellant challenges the search in various respects, we need not address those issues because the search was valid as a search incident to arrest.

4

Appellant does not challenge whether the police officers had probable cause for the arrest. To the contrary, as noted in appellant's brief, "Since a reviewing court is bound to give deference to the trial court in evaluating conflicts in the evidence, it cannot be said that the trial court abused its discretion in finding the initial stop was legitimate . . . ." A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005). More specifically, the Texas Transportation Code states, "Any peace officer may arrest without warrant a person found committing a violation of this subtitle [Rules of the Road]." TEX. TRANSP. CODE ANN. § 543.001 (West 2011). The fact that an officer has ulterior, subjective motives for seizing an offender does not render an objectively reasonable seizure unlawful under the United States or Texas Constitutions. *See State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005) (en banc) (citing *Whren v. United States*, 517 U.S. 806 (1996); *Crittenden v. State*, 899 S.W.2d 668 (Tex. Crim. App. 1995)).

An officer may search an arrestee's person incident to a lawful arrest. *See*, *e.g.*, *Gray*, 158 S.W.3d at 470 (citing *New York v. Belton*, 453 U.S. 454 (1981)). It is irrelevant that the arrest occurs immediately before or after the search, as long as sufficient probable cause exists for the officer to arrest before the search. *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999) (citing *Williams v. State*, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986)); *see Rawlings v. Kentucky*, 448 U.S. 98, 100 (1980). "An otherwise valid search incident to arrest will be upheld as long as there was probable cause to arrest the defendant for some offense, even if it was not the actual reason the officer arrested the defendant." *State v. Morales*, 322 S.W.3d 297, 300 (Tex.

App.—Dallas 2010, no pet.); *see Williams*, 726 S.W.2d at 101 (holding proper a search of defendant's person because officer possessed probable cause to arrest defendant on previously observed parking violation).

By the time appellant was searched, Officer Garcia had probable cause to arrest appellant for any of the four traffic offenses that Officer Garcia observed appellant commit.[5]  Officer Garcia testified that appellant was not yet under arrest at the time of the search, but the law only requires that probable cause to arrest precede a search.  *See Ballard*, 987 S.W.2d at 892; *Williams*, 726 S.W.2d at 101; *Morales*, 322 S.W.3d at 300. We hold that the evidence was not the product of an illegal search.  *See Cain*, 315 S.W.3d at 48 (appellate courts can sustain on any theory of law applicable to the case). We overrule appellant's issue.  Having found the search was valid as a lawful search incident to arrest, we need not consider the alternative theories supporting the search. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm the trial court's ruling.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of February, 2013.

---

[5]  Although appellant challenges Officer Garcia's version of events, we defer to the trial court as the exclusive fact-finder.  *Cain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010).  The trial court has not provided any findings of fact, so we view the evidence in the light most favorable to the trial court's ruling. *Id.*; *Moreno v. State*, 124 S.W.3d 339, 344 (Tex. App.—Corpus Christi 2003, no pet.).

6