ACCEPTED
07-14-00414-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
2/12/2015 2:59:39 PM
Vivian Long, Clerk

NO. 07-14-00414-CR

STATE REQUESTS
ORAL ARGUMENT
FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
2/12/2015 2:59:39 PM
VIVIAN LONG
CLERK

IN THE

COURT OF APPEALS

FOR THE

SEVENTH JUDICIAL DISTRICT OF TEXAS

AMARILLO, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KENNETH LOVEJOY,
                    APPELLANT,

VS.

THE STATE OF TEXAS,
                    APPELLEE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 108TH DISTRICT COURT
CAUSE NO. 68,694-E
POTTER COUNTY, TEXAS
HONORABLE DOUGLAS WOODBURN, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE'S BRIEF

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RANDALL SIMS, DISTRICT ATTORNEY

JOHN L. OWEN, SBN 15369200
ASSISTANT DISTRICT ATTORNEY
501 S. FILLMORE, SUITE 5A
AMARILLO, TEXAS  79101
(806) 379-2325
jackowen@co.potter.tx.us
ATTORNEYS FOR THE STATE

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

*Trial Judge*

Honorable Douglas Woodburn
108th District Court
4th Floor, Potter County Courts Building
501 S. Fillmore
Amarillo, Texas 79101


*Defendant/Appellant*

Kenneth Eugene Lovejoy
Address: unknown


*Appellant's Trial Counsel*

Eric Coats
1716 S. Polk
Amarillo, Texas 79102


*State's Attorneys*

Randall C. Sims
47th District Attorney
Jennifer Bassett (trial)
John L. Owen (appeal)
Assistant District Attorneys
501 S. Fillmore, Ste. 5A
Amarillo, Texas 79101

# TABLE OF CONTENTS

PAGE

IDENTITY OF JUDGE, PARTIES, AND COUNSEL …………………………..i

TABLE OF CONTENTS…………………………………………………………ii

LIST OF AUTHORITIES……………………………………………….... iii

STATEMENT OF THE CASE………………………………………………1

STATE'S ISSUE PRESENTED ………………………………………… 2

The arresting deputy's testimony he had observed Lovejoy commit a traffic offense was sufficient to establish probable cause for Lovejoy's arrest for that offense and the search of his person; that the deputy's paramount purpose in detaining Lovejoy was to investigate broader criminality does not negate the sustainability of the arrest and search. Given that the deputy's testimony was not contradicted and the trial court did not find it incredible, did the court abuse its discretion in suppressing the evidence?

FACT STATEMENT ………………………………………… 3

ISSUE PRESENTED   RESTATED………………………………… 6

CONCLUSION AND PRAYER…………………………………………. 15

CERTIFICATE OF SERVICE…………………………………………. 16

CERTIFICATE OF COMPLIANCE…………………………………… 16

# LIST OF AUTHORITIES

Page

Cases

**Carmouche v. State**, 10 S.W.3d 323,327 (Tex.Crim.App. 2007) ....................... 9

**Crittendon v. State**, 899 S.W.2d 668, 674 (Tex.Crim.App. 1995) ................. 12

**Ex parte Reed**, 271 S.W.3d 698,727 (Tex.Crim.App. 2008)............................. 13

**Garcia v. State**, 218 S.W.3d 756, 760 (Tex.App. - - Houston [1st Dist.] 2007,no pet.) ....................................................................................................................... 12

**Guzman v. State**, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) ......................... 10

**Hayes v. State**, 132 S.W.3d 147, 151 (Tex.App. - - Austin 2004, no pet.) ....... 10

**Rawlings v. Kentucky**, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980)…………………………………………………………………………………...13

**State v. Ballard,** 987 S.W.2d 889, 892 (TexCrtim..App. 1999)............................13

**State v. Gray,** 158 S.W.3d 465, 469 (Tex.Crim.App. 2005)............................11,12

**State v. Huddleston**, 164 S.W.3d 711, 714 (Tex.App. - - Austin 2005, no pet.) .9

**State v. Lockhart**, No. 07-04-00304-CR, 2005 Tex. App. LEXIS 6159 (Tex.App. - - Amarillo Aug. 2, 2005, no pet.)(not designated for publication) ................... 14

**State v. McIntosh**, No. 08-06-00044-CR, 2008 Tex.App. LEXIS 691 (Tex.App. – El Paso Jan. 31, 2008, no pet.)(not designated for publication) .................... 13, 14

**State v. Morales**, 322 S.W.3d 297, 300 (Tex.App. - - Dallas 2010, no pet.) 12, 13

**State v. Whittington**, 401 S.W.3d 263, 271 (Tex.App. - - San Antonio 2013, no pet.) ....................................................................................................................... 13

**Williams v. State**, 726 S.W.2d 99, 101(Tex.Crim.App. 1986) ........................ 12

Statutes

Tex. Penal Code. Ann. Sec. 46.04 (West 2011) ....................................................1

Tex. Transportation Code. Ann. Sec. 545.104 (b) (West 2011)............................10

Tex. Transportation Code. Ann. 543.001 (West 2011) ........................................11

Tex. Transportation Code. Ann. 543.004 (a) (West 2011)....................................11

Tex. Transportation Code. Ann. 525.025(a) (West 2013)....................................11

# STATEMENT OF THE CASE

This is the State's appeal from the trial court's order granting defendant Kenneth Lovejoy's motions to suppress evidence seized in a search of his person by a sheriff's deputy. The Potter County grand jury on April 20, 2014 indicted Lovejoy for unlawfully possessing a firearm as a felon on or about March 4, 2014. *See* Tex. Penal Code Ann. Sec. 46.04 (West 2011). Included in the indictment were punishment-enhancing allegations of his two previous felony convictions. *CR: 8.*

Through retained counsel, Lovejoy filed two pre-trial motions addressed to the seizure of the evidence constituting the basis of the prosecution: a "Motion to Suppress Due to Illegal Stop" and a "Motion to Suppress Illegal Search." *CR: 12, 16*. After an October 30, 2014 hearing, the trial court, by written orders signed November 14, granted the motions and ordered suppression of the evidence in question. *CR: 42, 43*. The State timely filed a notice of appeal, personally signed by the District Attorney, on December 1, 2014. *CR: 44.*

# ISSUE PRESENTED

The arresting deputy's testimony he had observed Lovejoy commit a traffic offense was sufficient to establish probable cause for Lovejoy's arrest for that offense and the search of his person; that the deputy's paramount purpose in detaining Lovejoy was to investigate broader criminality does not negate the sustainability of the arrest and search. Given that the deputy's testimony was not contradicted and the trial court did not find it incredible, did the court abuse its discretion in suppressing the evidence?

**FACT STATEMENT**

Evidence at the suppression hearing consisted of the testimony of two Potter County sheriff's deputies. Evinced there was that Lovejoy's arrest coincided with the investigation of burglaries, drug trafficking, and other criminal activity in a developed area of Potter County north of Amarillo.

About 11 p.m. on March 3, 2014, deputy Orcutt, from a marked patrol car, was watching a house known to be occupied by a burglary suspect. *RR: 68*. Within Orcutt's viewing, a dark SUV was driven into the residence's driveway, but no one exited the vehicle; after less than a minute, the SUV was backed out of the driveway, and driven away, south down Broadway Avenue. *RR: 69*. Knowing Lieutenant Laird of the Sheriff's Office was in the area, Orcutt by radio notified Laird of the suspicious vehicle traveling on Broadway. *RR: 41*.

Laird, who driving an unmarked patrol car northbound on Broadway, passed opposite the vehicle matching the description Orcutt had transmitted. *RR: 12*. He turned his patrol car to follow the SUV, and saw it being abruptly turned into a private driveway. *RR: 12*. Immediately before the turn was made, Laird saw the SUV's brake lights and the vehicle's back end coming up; this indicated to Laird that the driver had braked hard. *RR: 32*. The SUV driver activated the turn signal only 2-5 feet before turning, Laird related. *RR: 35*. Under the Traffic Code, Laird

noted, a driver must activate a continuous signal of intent to turn at least 100 feet before the turn. *RR: 33*.

Because the SUV driver seemed about to pull back onto the roadway from the driveway, Laird activated his patrol car lights to effect a traffic stop. *RR: 13*. Laird approached the driver, Lovejoy, and asked for Lovejoy's name, driver's license, and proof of insurance. Lovejoy did not have a driver's license in his immediate possession, but Laird learned from a computer search that he had a license. *RR: 41, 61-62*.   A female passenger also occupied the SUV. *RR: 49-50*.

Almost immediately into their conversation, Lovejoy asked Laird where a particular street in the area was. *RR4:41*. Lovejoy explained that he was en route to see a friend he identified as "Little." *RR: 14*. Laird was familiar with Travis Little, a burglary convict and suspected drug dealer, and asked Lovejoy how he knew Little; he and Little had done time in "the joint" together, Lovejoy answered. *RR: 14, 44*. Through further questioning, Laird learned that Lovejoy was on parole out of Hutchinson County following his conviction for manufacture and delivery of drugs. *RR: 45*.   Lovejoy's SUV bore decals of skulls and crossbones and "AC," insignia of the prison gang Aryan Circle, Laird noted. *RR: 40*.

Laird thought he should investigate Lovejoy, apart from the observed traffic violation, because of burglaries in the area and Lovejoy's vehicle's presence at a

burglary suspect's residence. *RR: 36.* Other cautionary circumstances were that Lovejoy was a parolee from a different county and professed to be en route to the residence of another felon. *RR: 14.* Laird directed Lovejoy to exit the SUV, and walk to the area between the back of the SUV and front of Laird's patrol car. *RR: 19, 47.* But, Laird's plan was merely to do a "pat down" search of Lovejoy, complete a field interview card memorializing their interaction, and then release him. *RR: 47, 17.*

Lovejoy walked awkwardly, with legs together, toward the designated spot, as if he was guarding some object. *RR: 47.* Laird did the "pat down" search of Lovejoy, but departed from the usual practice of beginning the search at a person's top and moving down the body; he instead immediately searched Lovejoy's mid-section to check for weapons. *RR: 51-52.* In Lovejoy's groin area Laird felt an object thought to be the handle of a firearm. *RR: 52.* Laird secured the object, which was a .25 Raven automatic pistol. *R: 54.* Lovejoy asserted he was taking the pistol to his friend's residence to shoot it. *RR: 53.*

Laird arrested Lovejoy for possessing a firearm as a felon. *RR: 58.* At some point in their investigation, Laird told Lovejoy he had stopped Lovejoy for failing to timely signal intent to turn. *RR: 13.*

**ISSUE PRESENTED (RESTATED)**

The arresting deputy's testimony he had observed Lovejoy commit a traffic offense was sufficient to establish probable cause for Lovejoy's arrest for that offense and the search of his person; that the deputy's paramount purpose in detaining Lovejoy was to investigate broader criminality does not negate the sustainability of the arrest and search. Given that the deputy's testimony was not contradicted and the trial court did not find it incredible, did the court abuse its discretion in suppressing the evidence?

## I.     *The Trial Court's Fact findings and Legal Conclusions*

After the suppression hearing, the trial court signed written findings of fact and conclusions of law. *CR: 40-41.*  Of particular significance in the State's appeal here were the following fact findings by the trial court:

1. On March 3, 2014, Potter County Sheriff officer Laird stopped the Defendant's vehicle for suspicion.

2. Deputy Lair [sic] informed Defendant that he was stopped due to numerous burglaries and other crimes having been committed in the area.

. . .

5. Deputy Laird testified that he also stopped Defendant's vehicle for failing to signal intent to turn 100 feet before turning.

6. Although he normally notified people he stopped of a traffic violation immediately after identifying himself, Deputy Laird did not mention the traffic violation to Defendant until after his arrest.

7. On the probable cause statement presented as an exhibit by the defense Deputy Laird stated that the reason for the stop was suspicion.

8. Deputy Laird did not prepare a citation or warning for the traffic violation.

9. Deputy Laird indicated that Defendant did signal intent to turn, but did not do so for 100 feet prior to turning.

. . .

13. Deputy Laird ordered Defendant out of the vehicle for the purpose of filling out a field interview card.

14. At the time Deputy Laird ordered the Defendant out of the vehicle, Deputy Laird had collected most of the information from the Defendant inquired of by the field interview card.

. . .

16. Prior to conducting a pat down search of Defendant Officer Laird identified no specific articulable facts or conclusions drawn from such facts that indicated Officer Laird believed Defendant had a weapon on his person.

The court's conclusions of law were as follows:

1. In the absence of a traffic violation, there was no probable cause for the stop.

2. Deputy Laird did not have reasonable suspicion to stop the Defendant's vehicle due to numerous burglaries and other crimes having been committed in the area at times other than the evening of the arrest.

3. Deputy Laird did not have reasonable suspicion to prolong the detention of Defendant in order to fill out a field interview card. Deputy Laird already had sufficient information to complete a field interview card.

4. Deputy Laird's desire to fill out a field interview card did not justify detention.

By its November 14, 2014 written orders, the court granted Lovejoy's suppression motions. *CR: 42, 43*.

## II. *Summary of the State's Argument*

Undisputed was that Lovejoy committed a traffic offense, failing to timely signal intent to turn, within Deputy Laird's observation. Laird had probable cause

8

to arrest Lovejoy for that offense and for not having his driver's license with him; the "pat down" search of appellant's clothing, resulting in discovery of the firearm, was legally justified as a search incident to arrest.

The trial court suppressed the evidence upon a faulty premise: that reasonable suspicion to believe Lovejoy was then engaging in burglaries or other criminality was lacking, and therefore the detention of him was illegal. The court overlooked the independent basis for the pat down search - - the probable cause for arrest occasioned by Lovejoy's commission of the traffic offense. That Deputy Laird's primary purpose in detaining Lovejoy was to investigate his involvement in criminality in the area was immaterial. The objective legal justification for the pat down search, a search incident to arrest for the traffic offense, renders lawful the seizure of the firearm on appellant's person.

### III. Argument and Authority

#### A. Standard of Review

A bifurcated standard is used to review an order granting or denying a motion to suppress. **State v. Huddleston**, 164 S.W.3d 711, 714 (Tex.App. - - Austin 2005, no pet.), *citing* **Carmouche v. State**, 10 S.W.3d 323, 327 (Tex.Crim.App. 2007). An appellate court must give 'almost total deference to a trial court's determination of the historical facts that the record supports,' especially when those fact findings

are based on an evaluation of credibility and demeanor. **Id.**, 164 S.W.3d at 714, *citing,* **Guzman v. State**, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The same level of deference should also be accorded a trial court's rulings on mixed questions of law and fact if those decisions turn upon the credibility and demeanor of the witnesses. **Id.**, 164 S.W.3d at 715, *citing* **Guzman**, 955 S.W.2d at 89 and **Hayes v. State**, 132 S.W.3d 147, 151 (Tex.App. - - Austin 2004, no pet.). Appellate courts review de novo, however, mixed questions of law and fact that do not turn on the credibility and demeanor of the witnesses. **Id.**, 165 S.W.3d at 715, *citing* **Carmouche**, 10 S.W.3d at 327, **Guzman**, 955 S.W.2d at 89, and **Hayes**, 132 S.W.3d at 151.

*B.  Seizure of the Firearm From Lovejoy*
*Should Have Been Sustained as Resulting From a Search Incident to Arrest*

Four provisions of the Texas Transportation Code bear upon the seizure involved in this case:

> . . An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

Tex. Transportation Code Ann. Sec. 545.104 (b)(West 2011).

Any peace officer may arrest without warrant a person found committing a violation of this subtitle [relating to traffic offenses].

Texas Transportation Code Ann. Sec. 543.001 (West 2011).

. . An officer shall issue a written notice to appear if:

(1) the offense charged is speeding or a violation of the open container law, Section 49.03, Penal Code; and

(2) The person make a written promise to appear in court . . .

Texas Transportation Code Ann. Sec. 543.004 (a)(West 2011).

A person required to hold a license . . . shall:

(1) have in the person's possession while operating a motor vehicle the class of driver's license appropriate for the type of vehicle operated; and

(2) Display the license on the demand of a magistrate, court officer, or peace officer . .

Texas Transportation Code Ann. Sec 521.025 (a)(West 2013). Then, a peace officer may arrest a person for committing any traffic offense except speeding and a violation of the open container law. *See* **State v. Gray,** 158 S.W.3d 465, 469

(Tex.Crim.App. 2005); **Garcia v. State**, 218 S.W.3d 756, 760 (Tex.App. - - Houston [1st Dist.] 2007, no pet.).

Here, after seizing Lovejoy's firearm, Deputy Laird arrested Lovejoy for the offense of unlawful possession of a firearm by a felon. *RR: 58.* At some point during their interaction, Laird informed Lovejoy that the reason for the traffic stop was Lovejoy's failure to properly signal an intention to turn his vehicle. *RR: 13.* Further warranting Lovejoy's arrest, Laird noted, was Lovejoy's not having his driver's license in his immediate possession while driving. *RR: 42.*

In sum, what developed at the scene was the emergence of probable cause to arrest Lovejoy for the traffic offenses, a pat down search of Lovejoy's person, and a formal custodial arrest. Whether Laird's primary purpose in stopping Lovejoy was to investigate narcotics trafficking and recent burglaries is immaterial. *See* **Crittendon v. State**, 899 S.W.2d 668, 674 (Tex.Crim.App. 1995)(holding that traffic stop is not unlawful just because the detaining officer had an ulterior motive in making it). Probable cause being present for an arrest of Lovejoy for the traffic offenses, the pat down search of his person was justified as a search incident to arrest. *See* **Williams v. State**, 726 S.W.2d 99, 101 (Tex.Crim.App. 1986)(probable cause to arrest for illegal parking justified seizure of paper bag containing a firearm on the vehicle's front seat); **State v. Morales**, 322 S.W.3d 297, 300 (Tex.App. - - Dallas 2010, no pet.)(though officer arrested accused on outstanding warrants,

12

which were not produced in court, search of vehicle yielding contraband was justified on an independent basis: the accused commit a traffic violation and did not have proof of insurance).

A search incident to arrest should be upheld as long as probable cause existed to arrest the defendant for some offense, even if not the actual reason for the arrest. **State v. Morales**, 322 S.W.3d at 300. In that connection, that the search preceded the formal arrest is inconsequential if probable cause existed for the arrest. **Rawlings v. Kentucky**, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); **State v. Ballard**, 987 S.W.2d 889, 892 (Tex.Crim.App. 1999).

When an appellate court's independent review reveals that the trial judge's findings and conclusions are not supported by the record, the court has authority to make contrary or alternative findings and conclusions. **Ex parte Reed**, 271 S.W.3d 698, 727 (Tex.Crim.App. 2008); **State v. Whittington**, 401 S.W.3d 263, 271 (Tex.App. - - San Antonio 2013, no pet.). The uncontradicted evidence here was that Lovejoy's traffic offense was a basis for the stop and provided probable cause for his arrest. Contrary to the trial court's finding, deputy Laird did not testify he told Lovejoy the stop was made to investigate recent burglaries and drug offenses. Under the circumstances, the pat down search of Lovejoy was legally justified. The trial court abused its discretion in suppressing the firearm whose possession is the subject of this prosecution. *See* **State v. McIntosh**, No. 08-06-00044-CR, 2008

Tex. App. LEXIS 691 (Tex.App. - - El Paso Jan. 31, 2008, no pet.)(not designated for publication)(trial court's suppression order not supported by the record and not supported by a correct legal theory) and **State v. Lockhart**, No. 07-04-00304-CR, 2005 Tex. App. LEXIS 6159 (Tex.App. - - Amarillo Aug. 2, 2005, no pet.)(not designated for publication)(trial court abused discretion in applying law to the facts).

## CONCLUSION AND PRAYER

WHEREFORE, the State prays that the Court reverse the trial court's order suppressing evidence.

Respectfully submitted,

RANDALL SIMS
District Attorney
Potter County, Texas

__/s/ John L. Owen___

John L. Owen
Assistant District Attorney
Potter County Courts Bldg.
Suite 5A
501 S. Fillmore
Amarillo, Texas 79101
(806) 379-2325
FAX (806) 379-2823
SBN 15369200
jackowen@co.potter.tx.us

Attorneys for the State

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2015, a true copy of the foregoing State's brief was served on defendant Kenneth Lovejoy's attorney, Eric Coats, at 1716 South Polk Street, Amarillo, Texas 79102, by depositing the same in the United States Mail, postage prepaid.

__/s/ John L. Owen_____<br>
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

In accordance with Tex.R.App.P. 9.4 (i)(3), I hereby certify that the foregoing brief contains, as reflected in the computer program word count, 3,328 words. That count includes words in portions of the brief which, under the Rule, are excluded from the prescribed word limit.

__/s/ John L. Owen___<br>
Assistant District Attorney