**DISMISSED FOR WANT OF JURISDICTION; and Opinion Filed July 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00220-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**WHITNEY S. VILLA, Appellee**

**On Appeal from the County Criminal Court of Appeals No. 1**
**Dallas County, Texas**
**Trial Court Cause No. MC-21-R0003-D**

## DISSENTING OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Dissenting Opinion by Justice Goldstein

The majority opinion concludes that when a county criminal court of appeals

(CCCA) reverses a criminal conviction issued by a municipal court of record, the

State has no authority to appeal the CCCA's ruling to this Court. The majority relies

on our sister court's unpublished opinion[1] in *State v. Pugh* to conclude that we lack

jurisdiction over this appeal. *See* No. 02-21-00108-CR, 2022 WL 1793518 (Tex.

---

[1] "Opinions and memorandum opinions not designated for publication by the court of appeals under these or prior rules have no precedential value but may be cited with the notation, '(not designated for publication).'" TEX. R. APP. P. 47.7(a).

App.—Fort Worth June 2, 2022, no pet.) (mem. op., not designated for publication). I disagree and respectfully dissent.

## I. JURISDICTION

### A. Standard of Review

This case requires us to interpret certain provisions of Chapter 30 of the Government Code. Statutory construction is a question of law, which we review de novo. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). When construing statutes, we "seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Id.* We first look to the statute to determine if its language is plain. *Id.* We presume that the legislature intended for every word to have a purpose, and we should give effect if reasonably possible to each word, phrase, and clause of the statutory language. *Id.* We read words and phrases in context and construe them according to the rules of grammar and usage. *Id.* If the language of the statute is plain, we follow that language unless it leads to absurd results that the legislature could not have possibly intended. *Id.* When the plain language leads to absurd results, or if the language of the statute is ambiguous, we consult extra-textual factors to discern the legislature's intent. *Id.*

### B. Analysis

#### 1. *Background on Municipal Courts of Record*

Chapter 30, titled the Uniform Municipal Courts of Record Act (UMCRA), governs the trial of certain criminal offenses in municipal courts of record. TEX.

GOV'T CODE ANN. §§ 30.0001, .0005. As originally enacted, the UMCRA contained several provisions related to the defendant's right to appeal his or her conviction. *See* Acts 1987 (H.B. 1879), 70th Leg., ch. 811, § 1, eff. Aug. 31, 1987. The UMCRA was, however, silent on the State's authority to appeal. This was consistent with the then-current Texas Constitution, which gave the State "no right of appeal in criminal cases." TEX. CONST. art. V, § 26 (amended 1987).

Article V, Section 26 was amended in 1987 to provide that "[t]he State is entitled to appeal in criminal cases, as authorized by general law." TEX. CONST. art. V, § 26. The Legislature thereafter amended the UMCRA to add provisions that, among other things, authorized the State to appeal "as provided by Article 44.01, Code of Criminal Procedure." *See* Acts 1999 (H.B. 731), 76th Leg., ch. 691, § 1, eff. Sept. 1, 1999 [hereinafter "1999 Amendments"]. But rather than enacting new provisions separately governing an appeal by the State, the Legislature simply replaced the word "defendant" with the word "appellant" in multiple sections governing appellate matters. *See generally id.*

For cases in which the defendant is the appellant throughout the appellate process, the 1999 Amendments cause no significant changes in procedure. In order to perfect an appeal, the defendant convicted in the trial court (i.e., the municipal court of record) was, and still is, required to file a both motion for new trial and a

notice of appeal. TEX. GOV'T CODE ANN. § 30.00014(c), (d).[2] The defendant must pay the fee for "an actual transcription of the proceedings" and request that the clerk's record and reporter's record be prepared in conformity with the Rules of Appellate Procedure and Code of Criminal Procedure. *See id.* §§ 30.00014(g) (transcription fees); 30.00017 (clerk's record), 30.00019 (reporter's record). The municipal judge must then approve the record and send it to the appellate court.[3] *Id.* § 30.00020. Next, the parties must file their briefs with the appellate court and deliver copies of the briefs to the municipal judge. *Id.* § 30.00021. While the appeal is pending in the appellate court, the trial court must "decide from the briefs of the parties whether the appellant should be permitted to withdraw the notice of appeal and be granted a new trial by the court." *Id.* § 30.00022.[4]

If no new trial is granted, the appellate court must proceed to decide the appeal and issue a ruling that: (1) affirms the trial court's judgment, (2) reverses and remands for a new trial, (3) reverses and dismisses the case, or (4) reforms and corrects the judgment. *Id.* § 30.00024(a). If the appellate court grants a new trial, "the case stands as if a new trial had been granted by" the trial court. *Id.* § 30.00026.

---

[2] An appeal to the county court from a municipal court of record may be based only on errors reflected in the record. TEX. CODE CRIM. PROC. ANN. art. 44.17.

[3] For the purposes of Chapter 30, "appellate court" means the county criminal court, the county criminal court of appeals, the municipal court of appeals, or, if none of the three previous courts exists in the county or municipality in question, the county court at law. *See* TEX. GOV'T CODE ANN. § 30.00002(1).

[4] The trial court may grant a new trial at any time before the record is filed with the appellate court. *Id.* § 30.00022.

If the appellate court rules against the defendant,[5] he or she has the right to further appeal to the court of appeals (e.g., this Court) if: "(1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court; or (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based." *Id.* § 30.00027(a). The provisions of the Code of Criminal Procedure relating to direct appeals in criminal cases apply except that: (1) the record and briefs in the appellate court constitute the record and briefs in the court of appeals, and (2) the record and briefs must be filed in the court of appeals. *Id.* § 30.00027(b).

Relying on *Pugh*, the majority reasons that when the Legislature replaced the word "defendant" with "appellant," it intended the above procedures to apply equally to the State if it were the appealing party. With respect to § 30.00027, the *Pugh* court held, and the majority agrees, that a court of appeals has no jurisdiction over the State's appeal if neither of the conditions in subsection (a) are met. *See Pugh*, 2022 WL 1793518, at *4–5.

Such a conclusion is erroneous because it: (1) conflicts with this Court's precedent; (2) misconstrues § 30.00027(a), resulting in a scenario where the State may appeal only in a case in which it has prevailed in the lower courts; (3) ascribes

---

[5] "Defendant" was changed to "appellant" as part of the 1999 Amendments and is the crux of disagreement in statutory interpretation. The 1999 Amendments are clear that they did not intend this change to be substantive. *See* Bill Analysis for House Judicial Affairs Committee, C.S.H.B. 731 (available at https://lrl.texas.gov/scanned/officeOfHouseBAs/76-0/HB731RPT.htm).

limitations to § 30.00027(b) that conflict with the provisions of the Code of Criminal Procedure relating to direct appeals in criminal cases, including the State's right to appeal, a result the Legislature did not intend; and (4) fails to consider the applicability of § 30.00026, which authorizes the State's appeal if a new trial is granted.

### 2. The majority's conclusion conflicts with binding precedent.

First, the majority's holding conflicts with a prior panel decision of the Court. As the majority acknowledges, both this Court and the court of criminal appeals have exercised jurisdiction in cases where the State was the appealing party. *See State v. Blankenship*, 146 S.W.3d 218, 219 (Tex. Crim. App. 2004); *State v. Morales*, 322 S.W.3d 297, 298 (Tex. App.—Dallas 2010, no pet.).[6] The majority concludes that these cases are not binding because the issue of jurisdiction was not directly addressed in either case. But the question of jurisdiction is at issue in every case, because we have a duty to determine our own jurisdiction irrespective of whether the parties challenge it. *Solis v. State*, 890 S.W.2d 518, 520 (Tex. App.—Dallas 1994, no pet.). When we referenced §§ 30.00014 and 30.00027 of the Government Code and Article 44.01 of the Code of Criminal Procedure in *Morales*, we were not simply stating dictum as the majority concludes. Rather, we were citing the statutory

---

[6] The procedural posture in *Morales* when it reached this Court was that the State of Texas timely filed notices of appeal from the trial court's orders granting the motion for new trial and granting the pretrial application for writ of habeas corpus. The CCCA affirmed the trial court's orders, and the State timely appealed that judgment to this Court. *See* TEX. GOV'T CODE ANN. §§ 30.00014(a), .00027(b); TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3), (4); *Morales*, 322 S.W.3d at 298.

provisions that authorized our exercise of jurisdiction over the case.[7] *See Morales*, 322 S.W.3d at 298. We are therefore bound by *Morales*. *See Gonzalez v. State*, No. 05-17-01463-CR, 2019 WL 1292502, at *9 (Tex. App.—Dallas Mar. 21, 2019, pet. ref'd) ("We may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc." (quoting *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.))).

### 3. *The majority misconstrues § 30.00027(a).*

The majority's conclusion also misconstrues § 30.00027(a) of the UMCRA, which provides:

> (a) The appellant has the right to appeal to the court of appeals if:
>
> > (1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court;[8] or
> >
> > (2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.

TEX. GOV'T CODE ANN. § 30.00027(a). The majority concludes that because neither of these conditions was met, the State, in this instance, does not have the right to appeal.

---

[7] The only procedural distinction is that in our case the CCCA granted the motion for new trial from which the State appeals rather than affirming the trial court's order granting a new trial as in *Morales. See Morales*, 322 S.W.3d at 298; TEX. GOV'T CODE ANN. § 30.00026. This is a distinction without a difference and would be a tremendous waste of judicial resources.

[8] In general, criminal penalties in municipal courts are fine only with a range commencing with a minimum of a one dollar fine to a maximum depending on the state traffic law, penal code offenses or enumerated ordinance violations. *See* TEX. CODE CRIM. PROC. ANN. art. 4.14; TEX. GOV'T CODE ANN. § 29.003.

The majority's conclusion eviscerates the State's right to appeal to this Court and the court of criminal appeals, thus making the CCCA, with respect to municipal courts of record, the court of last resort. Specifically, the majority's interpretation would lead to absurd results, as it is unlikely the State would ever have the authority to appeal.

To appeal under subsection (a)(1), the municipal court of record would have to find the defendant guilty and the appellate court would have to affirm the conviction. The State would thus be authorized to appeal only if it successfully defended a conviction in the appellate court, a result that is much more circumscribed than its general right of direct appeals in criminal cases under Article 44.01, including where, as here, the defendant has been granted a new trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01 (a)(3). Under subsection (a)(2), the State would have to secure a conviction and then challenge the constitutionality of the very statute or ordinance that it charged against the defendant. As the primary duty of all prosecuting attorneys is not to convict, but to see that justice is done, the State could merely dismiss the charges. TEX. CODE CRIM. PROC. ANN. art. 2.01; *see also* TEX. GOV'T CODE ANN. § 30.00023 (providing that the Code of Criminal Procedure governs the trial of cases in a municipal court of record); TEX. CODE CRIM. PROC. ANN. § 32.02 (providing that the State may, with the trial court's consent, dismiss the charges against the defendant at any time). The majority's scenario envisions that the State may appeal to this Court only when a conviction has been achieved

and affirmed—in other words, only when the State has prevailed—and only by challenging the law that forms the basis of the conviction as constitutionally infirm.[9]

The practical effect of the majority's interpretation of Section 30.00027(a) is to do what the Legislature did not do in express terms: establish the CCCA as the court of last resort for the State's issues while preserving the defendant's right to seek redress to the constitutionally established court of last resort, the court of criminal appeals.[10] If indeed the Legislature intended this result, I would invite the legislature to revisit this issue of the State's right to appeal.

### 4.    The majority wrongly narrows the scope of § 30.00027(b).

Section 30.00027(b) of the UMCRA provides that, with two exceptions, "[t]he provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals apply to the appeal." TEX. GOV'T CODE ANN. § 30.00027(b). The two exceptions are that (1) the record and briefs in the appellate court constitute the record and briefs to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and (2) the record and briefs shall be filed directly with the court of appeals. *Id.* The majority concludes, as did the

---

[9] As the majority concludes that 44.01 does not apply, and appeals are limited to subsection (a), following this conclusion, I can foresee no other viable appellate scenario emanating from a municipal court of record trial, which epitomizes an absurd and illogical result.

[10] The Texas Court of Criminal Appeals is the court of last resort for all criminal matters in Texas. *State ex. rel. Wilson v Briggs*, 351 S.W.2d 892, 894 (Tex. Crim. App. 1961); TEX. CONST. art. 5, § 5.

*Pugh* court, that § 30.00027(b) "addresses procedural, not jurisdictional, issues."[11] It bases its conclusion on the fact that the two exceptions are themselves procedural.

This conclusion negates the predicate to the exception—that "the provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals"—and strips this language of meaning. We must read statutory words in context and construe them according to the rules of grammar and usage. *Sims*, 569 S.W.3d at 640. When the Legislature directs us to follow all the provisions of a statute except some of the procedural ones, we should not construe that directive as telling us to *ignore* all of the statute's substantive provisions. In § 30.00027(b), the Legislature directs us to apply the appellate provisions of the Code of Criminal Procedure to a direct appeal like the one before us. *Id.* We did so in *Morales*, and we should do so in this instance.

The appellate provisions of the Code of Criminal Procedure include Article 44.01, which provides that the State "is entitled to appeal an order of a court in a criminal case if the order . . . grants a new trial." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3). Here, the CCCA granted a new trial. Therefore, the State has the right to appeal.

The majority disagrees with this conclusion. The majority explains that if § 30.00027(b) opens the door to all the appellate provisions in the Code of Criminal

---

[11] Our own rules recognize the State's right to appeal: the "State is entitled to appeal a court's order in a criminal case as provided by Code of Criminal Procedure article 44.01." TEX. R. APP. P. 25.2(a)(1); TEX. R. APP. P. 25(a)(2) provides the defendant's right to appeal.

Procedure, then Article 44.02 must be included as well. And because Article 44.02 affords defendants unrestricted appeals, the breadth of Article 44.02 would swallow the limitations in § 30.00027(a). That is, if a statute says that you may appeal only in circumstances X and Y, while another statute says that you may appeal in all circumstances, applying both statutes would render the former statute meaningless.

However, Article 44.02 is *already subject to* the limitations in § 30.00027 by way of Article 4.03 of the Code of Criminal Procedure. Article 4.03 provides:

> The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

TEX. CODE CRIM. PROC. ANN. art. 4.03. The second sentence contains substantially the same limitations as § 30.00027(a) of the UMCRA.[12] Therefore, Article 44.02 is no broader than § 30.00027(a).

### 5.    *The majority incorrectly holds § 30.00014 inapplicable.*

Finally, the majority concludes that § 30.00014 of the UMCRA does not apply because it governs appeals from the municipal court of record to the appellate court,

---

[12] It appears from the similarities between these provisions that the Legislature included § 30.00027(a) in the UMCRA to ensure that the courts of appeals do not mistakenly expand their own jurisdiction in UMCRA cases by, for example, accepting an appeal with no constitutional issue and a fine of less than $100. *Compare* TEX. GOV'T CODE ANN. § 30.00027(a) *with* TEX. CODE CRIM. PROC. ANN. art. 4.03.

not appeals from the appellate court to this Court. *See Pugh*, 2022 WL 1793518, at *2 (arriving at the same conclusion). But the majority overlooks § 30.00026, which provides: "If the appellate court awards a new trial to the appellant, the case stands as if a new trial had been granted by the municipal court of record." TEX. GOV'T CODE ANN. § 30.00026. When the municipal court of record grants a new trial, the State may appeal that decision pursuant to § 30.00014 because § 30.00014 provides that the State has the right to appeal as provided by Article 44.01, and Article 44.01 provides that the State may appeal the grant of a new trial. *Id.* § 30.00014; TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(3).

### 6.    *Summary*

Our task in construing statutes is to give effect to the Legislature's intent. *Sims*, 569 S.W.3d at 640. When confronted with a statutory scheme, we must read its provisions not in isolation but in the context of the whole statutory scheme. *Timmins v. State*, 601 S.W.3d 345, 348 (Tex. Crim. App. 2020); *Horton v. State*, 394 S.W.3d 589, 593 (Tex. App.—Dallas 2012, no pet.). Where different provisions of a statutory scheme appear to conflict, we must strive to harmonize them. *Diruzzo v. State*, 581 S.W.3d 788, 803 (Tex. Crim. App. 2019).

When the Legislature enacted the UMCRA, it afforded criminal defendants the right to appeal. In the 1999 Amendments, the Legislature extended that right to the State but expressly limited that right as provided by Article 44.01 of the Code of Criminal Procedure. The UMCRA also governs, under § 30.00027, the parties' right

to appeal to this Court. The majority construes § 30.00027 to apply to both parties as an absolute limitation on their right to appeal. For the reasons stated above, I disagree. I would hold that the State has a right to appeal under §§ 30.00014(a), 30.00026, and 30.00027(b), and I would reach the merits of its appeal.

## II.    WAIVER

As I would conclude this court has jurisdiction to reach the merits, I would reverse the county court's judgment and reinstate the trial court's judgment. Under UMCRA § 30.00014, to perfect an appeal, the defendant must file a motion for new trial and a notice of appeal. *See* TEX. GOV'T CODE ANN. § 30.00014(c), (d). The motion for new trial must "set forth the points of error of which the appellant complains." *Id.* § 30.00014(c).

Here, the jury found Villa guilty of assault by contact, and the municipal court of record entered a judgment fining Villa $331.00. Villa, proceeding pro se, filed a handwritten motion for new trial that stated, in full:

> I Whitney Villa would like to file a motion for new trial to provide evidence and obtain a lawyer on August 30, 2021 @ 2:30 pm. The evidence that I brought to court was not allowed to be submitted. I was told that I can bring witness statements as long as they are notarized, but when I came to court I was told I had to bring the actual persons.
>
> The video was not played all the way through and Echo Johnson admitted she approached me and I was defending my child and self.

At some point thereafter, Villa retained counsel who filed a brief on her behalf. In the brief, Villa asserted that the evidence at trial warranted a self-defense instruction. Villa argued that the trial court erred by failing to provide her an opportunity to

–13–

object to the charge and insist on a self-defense instruction. The State argued that Villa waived the jury charge error by failing to include it in her motion for new trial.

The CCCA reversed and remanded for a new trial. In its opinion, the CCCA held that Villa's motion for new trial could be construed to include a point about charge error. The CCCA reasoned that Villa timely filed a motion for new trial "setting out her points of error, and although legal terminology was not exact, it is clear the intent was to argue self-defense."

In its first issue, the State contends that the county court erred by allowing Villa to argue a point of error that was not included in her motion for new trial. Courts must liberally construe the pleadings and briefs of pro se litigants. *Chambers v. State*, 261 S.W.3d 755, 757 (Tex. App.—Dallas 2008, pet. denied). However, a court must hold pro se litigants to the same standards as licensed attorneys, lest the court abandon its role as a neutral arbiter and become an advocate for a party. *See id.* Thus, the issue is whether Villa's notice of appeal, construed liberally, preserved her complaint regarding the jury charge.

The answer is no. The motion for new trial does not reference the jury charge or even imply that the jury made the wrong decision. The clear complaint Villa raised was that she was not allowed to submit evidence. Even the statement on which the CCCA based its decision—"I was defending my child and self"—was made in the context of a complaint about the incompleteness of the evidence.

I agree that best practices necessitate clarity of record, requiring the judge of a municipal court of record to ensure that all important matters are contained within the record, such as a charge conference, the reading of the charge, and ensuring it is correct. While aspiring to best practices is the message, we cannot, in the absence of such, infer what is not there.

## CONCLUSION

I would conclude that we have jurisdiction over this appeal and that the CCCA erred in holding that Villa preserved her complaint about the jury charge. I would reverse the judgment of the County Criminal Court of Appeals No. 1 and reinstate the municipal court at law's judgment of conviction and sentence. Because the majority fails to do so, I respectfully dissent.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Publish
TEX. R. APP. P. 47
220220DF.P05