**Opinion filed February 10, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00143-CR

_____

## JASON EUGENE DELEON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 25708A**

### O P I N I O N

Jason Eugene Deleon pleaded guilty to the offense of tampering with evidence by concealing marihuana in his mouth.[1] He also pleaded "true" to the enhancement paragraph, which alleged a prior felony conviction. In accordance with a plea agreement, the trial court assessed Appellant's punishment at confinement for four years. On appeal, Appellant asserts that the trial court abused its discretion when it denied his motion to suppress. We affirm.

---

[1]TEX. PENAL CODE ANN. § 37.09(c) (West 2016).

## I. *Background Facts*

On September 6, 2013, Officer Brady Wayne Broyles stopped Appellant's vehicle because Appellant failed to signal his turn. As Officer Broyles approached the vehicle, he smelled "the odor of fresh marijuana" emanating from the vehicle. After Officer Broyles spoke to Appellant and Appellant's two passengers, Officer Broyles called for backup. Officer Broyles asked Appellant and his passengers about the marihuana odor, and he gave them an opportunity to disclose the presence of any illegal substances in the vehicle. Appellant denied that he had any marihuana in the vehicle, and he stated that they had smoked all of the marihuana three hours prior to the traffic stop.

While Officer Broyles conducted a pat-down search of Appellant, he "noticed that [Appellant] was chewing on something." Officer Broyles then "asked [Appellant] to open his mouth." When Appellant opened his mouth, Officer Broyles observed a "green wad" that he thought was marihuana mixed in with gum. Officer Broyles "advised" Appellant to spit out the substance onto the hood of the police car, and Appellant complied. Officer Broyles inspected the substance and confirmed that it contained marihuana. Appellant was arrested for tampering with evidence and for possession of marihuana.

Appellant filed a motion to suppress the substance obtained by Officer Broyles. The parties offered no evidence at the motion to suppress hearing other than Officer Broyles's written report regarding the arrest.[2] The trial court denied Appellant's motion to suppress and issued findings of fact and conclusions of law. The trial court concluded that the marihuana odor was sufficient to constitute probable cause to search Appellant's person. The trial court also concluded that no force was used on Appellant to convince him to open his mouth.

---

[2]The trial court reviewed the COBAN video of the incident at the motion to suppress hearing, but the trial court's findings of fact indicate that the video is not a part of the record.

## II. *Standard of Review*

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). The trial court is given almost total deference as to the historical facts found, but the trial court's application of the law is reviewed de novo. *Id.* We must affirm the trial court's ruling if it is correct under any theory of law applicable to the case. *State v. Copeland*, 501 S.W.3d 610, 613 (Tex. Crim. App. 2016). A reviewing court evaluates evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000).

## III. *Analysis*

Appellant asserts in one issue on appeal that the trial court erred when it denied his motion to suppress. Specifically, Appellant asserts that marihuana odor alone is not sufficient to justify the search of his mouth. Appellant also argues that Officer Broyles could not justifiably have conducted a *Terry*[3] frisk because Appellant was not committing or about to commit a crime and because there was no indication that Appellant or his passengers were armed. The State stipulated that the police did not have a warrant to search Appellant's person. Therefore, the State bore the burden of establishing that the search was reasonable. *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). The State contends that police officers had probable cause to search Appellant because Appellant admitted to smoking marihuana earlier and because Officer Broyles detected the marihuana odor coming from Appellant's vehicle.

Under the Fourth Amendment, a warrantless search is "*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions."

---

[3]*Terry v. Ohio*, 392 U.S. 1 (1968).

*Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (alteration in original) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). One of those exceptions is a search under exigent circumstances. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). Under the exigent circumstances exception, a warrantless search of a person is reasonable when (1) an officer has probable cause and (2) an exigency exists that requires an immediate search. *Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

"Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found." *Parker v. State*, 206 S.W.3d 593, 597 (Tex. Crim. App. 2006) (quoting *Estrada v. State*, 154 S.W.3d 604, 609 (Tex. Crim. App. 2005)). This "flexible, nondemanding" standard requires only a probability of criminal activity rather than an actual showing of such activity. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012) (citing *McLain*, 337 S.W.3d at 272); *see Davis v. State*, 905 S.W.2d 655, 662 (Tex. App.—Texarkana 1995, pet. ref'd) (stating that probable cause is a "flexible, common-sense standard" (citing *Texas v. Brown*, 460 U.S. 730, 742 (1983))).

> [P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers. We weigh not individual layers but the "laminated" total. . . . "In dealing with probable cause, . . . as the very name implies, we deal with *probabilities*. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."

*Woodward v. State*, 668 S.W.2d 337, 345 (Tex. Crim. App. 1984) (op. on reh'g) (second alteration in original) (quoting *Smith v. United States*, 358 F.2d 833, 837 (D.C. Cir. 1966)); *see also Brinegar v. United States*, 338 U.S. 160, 176 (1949).

To determine if probable cause existed to conduct a warrantless search, the court utilizes the "totality of the circumstances" approach. *See Amos v. State*, 819 S.W.2d 156, 161 (Tex. Crim. App. 1991); *Routledge v. State*, 834 S.W.2d 452, 455 (Tex. App.—Fort Worth 1992, pet. ref'd). Law enforcement officers may draw logical inferences and make intelligent deductions from the totality of the circumstances. *See, e.g., Jackson v. State*, 745 S.W.2d 4, 10 (Tex. Crim. App. 1988). The need to prevent the imminent destruction, removal, or concealment of property intended to be seized are circumstances that would make procuring a warrant impracticable. *See, e.g.*, *Booty v. State*, No. 14-94-01086-CR, 1997 WL 138996, at *4 (Tex. App.—Houston [14th Dist.] Mar. 27, 1997, pet. ref'd.). The State argues that, because the police had probable cause and because exigent circumstances were present, the police were justified to complete the warrantless search. As we explain below, we agree that, under a totality of the circumstances, Officer Broyles had more than reasonable suspicion, he had probable cause to search Appellant's person; we also agree that exigent circumstances were present to justify the warrantless search. In light of the resolution on probable cause and exigent circumstances, we need not address Appellant's *Terry* frisk argument or the State's argument on consent.

*A. Officer Broyles had probable cause to conduct the search.*

Appellant argues that Officer Broyles could not justifiably search Appellant's mouth because marihuana odor alone is insufficient to justify a search of his person. Appellant argues that the Texas Court of Criminal Appeals in *State v. Steelman* held that the odor of marihuana alone is insufficient to search a home or a person that exited the home from which the odor emanated. 93 S.W.3d 102, 108 (Tex. Crim. App. 2002). In *Steelman,* the defendant's home was searched by police officers after they detected the odor of marihuana when a person exited the home; the police did not observe any criminal activity at the home, but had an anonymous tip that someone was dealing drugs at the home. *Id.* The *Steelman* court focused on whether

the police had probable cause to search the home and on the person that exited the home and the other individuals found within the home, and the court held that police lacked probable cause to search a home based solely on the drug's odor. *Id.* However, the court in *Estrada v. State* explained that, although marihuana odor alone is not sufficient for a warrantless search of a house, it is a factor that may be considered in determining whether probable cause exists. *Estrada*, 154 S.W.3d at 609; *see also Parker*, 206 S.W.3d at 597.

Other courts have concluded that marihuana odor alone can provide sufficient probable cause for a warrantless search of one's person or vehicle. *See Bogan v. State*, No. 02-15-00354-CR, 2016 WL 1163725, at \*2 (Tex. App.—Fort Worth Mar. 24, 2016, pet. ref'd) (mem. op., not designated for publication); *Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd); *Harris v. State*, 468 S.W.3d 248, 255 (Tex. App.—Texarkana 2015, no pet.); *Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). Officer Broyles noted in his police report that he "could immediately smell the odor of fresh marijuana" coming from the vehicle. Appellant admitted to Officer Broyles that he had smoked marihuana three hours prior to Officer Broyles's traffic stop. Officer Broyles also saw Appellant chewing something, and when Appellant opened his mouth, the wad appeared to be a green-colored mixture of chewing gum and what Officer Broyles suspected was marihuana. Under a totality of the circumstances, Officer Broyles had probable cause to search Appellant's person.

*B. Exigent circumstances existed to conduct a warrantless search.*

Warrants for searches are generally required "unless 'the exigencies of the situation' make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394 (1978) (quoting *McDonald v. United States*, 335 U.S. 451, 456 (1948)). Typically, the exigency of a situation is examined on a case-by-case basis.

*Missouri v. McNeely*, 133 S. Ct. 1552, 1559 (2013). However, the Court of Criminal Appeals has consistently recognized three types of exigent circumstances that justify a warrantless search: "1) providing aid or assistance to persons whom law enforcement reasonably believes are in need of assistance; 2) protecting police officers from persons whom they reasonably believe to be present, armed, and dangerous; and 3) preventing the destruction of evidence or contraband." *Gutierrez*, 221 S.W.3d at 685. The Court of Criminal Appeals further explained that a warrantless search will only be justified under the exigent circumstances exception when "the officer reasonably believed that removal or destruction of evidence was imminent." *Turrubiate v. State*, 399 S.W.3d 147, 153 (Tex. Crim. App. 2013).

Two Texas cases, *Estrada v. State* and *Holmes v. State*, are instructive as to Officer Broyles's search of Appellant's mouth. *Estrada*, 154 S.W.3d at 610; *Holmes v. State*, 962 S.W.2d 663, 671 (Tex. App.—Waco 1998, pet. ref'd, untimely filed). In *Estrada*, the Court of Criminal Appeals held that exigent circumstances existed when a police officer detected the odor of marihuana and when the officer could hear people inside the house who would not respond to his knock. 154 S.W.3d at 609–10. Similar to *Estrada*, the Waco Court of Appeals in *Holmes* held that the warrantless search of a defendant's mouth was reasonable when a police officer believed that marihuana was being concealed in the defendant's mouth. *See Holmes*, 962 S.W.2d at 671.

Appellant admitted to smoking marihuana prior to Officer Broyles's traffic stop. Officer Broyles smelled "fresh marihuana" coming from Appellant's vehicle. Officer Broyles noticed that Appellant was chewing on something. Based on these facts, it was reasonable for Officer Broyles to suspect that Appellant was attempting to conceal, in his mouth, evidence of a crime. While Officer Broyles did not testify at the motion to suppress hearing, his police report stated, "[I]t was apparent to me that [Appellant] was tampering with evidence as he was trying to conceal the odor

of the Marijuana with the gum that was mixed in with the Marijuana that was in his mouth.  Also attempting to get it chewed up and swallowed before I found it."  Appellant was in the process of destroying evidence and was actively concealing evidence from Officer Broyles.  Officer Broyles had probable cause to search Appellant, and exigent circumstances justified a warrantless search of him.

## IV. *Conclusion*

Because Officer Broyles had probable cause to search and because exigent circumstances existed to justify a search, the warrantless search of Appellant's person was reasonable.  After a review of the record, we hold that the trial court did not abuse its discretion when it denied Appellant's motion to suppress evidence seized from his person.  We do not reach the State's argument that Appellant consented to the search or the argument that the seizure was a result of a *Terry* pat-down because Officer Broyles's search was reasonable based on probable cause and exigent circumstances.  We overrule Appellant's single issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


February 10, 2017

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

8