Opinion filed February 14, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00087-CR

_____

## ZEDRICK DEMON PAGE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 26754A**

### M E M O R A N D U M   O P I N I O N

Zedrick Demon Page, Appellant, pleaded guilty to the second-degree felony offense of possession of cocaine. He also pleaded "true" to an enhancement allegation. The trial court accepted Appellant's guilty plea, assessed his punishment in accordance with the plea-bargain agreement, and sentenced Appellant to confinement for nine years. On appeal, Appellant contends that the trial court erred

when it denied Appellant's motion to suppress evidence obtained during warrantless searches of Appellant's person and the vehicle in which he was a passenger. Because we find that the searches of the vehicle and Appellant's person were lawful, we overrule Appellant's sole issue and affirm the judgment of the trial court.

*Background Facts*

The grand jury indicted Appellant on one count of possession of four grams or more, but less than two hundred grams, of cocaine. The indictment alleged that Appellant had previously been convicted of the felony offense of possession of cocaine with intent to deliver. After the grand jury indicted Appellant, he filed a motion to suppress evidence including, among other things, 5.7 grams of cocaine found in his pants during a search of his person following a traffic stop.

The trial court held a hearing on Appellant's motion to suppress. Austin Graves, a patrol officer with the Abilene Police Department, testified for the State. Officer Graves testified that, on the day of the offense, he responded to a traffic stop as a backup officer. When he arrived on scene, he approached the stopped vehicle and smelled marihuana. Although Officer Graves was unsure where the smell was coming from, he approached the passenger-side window of the vehicle and asked Appellant, who was seated in the front passenger seat of the vehicle, to roll the window down. After Appellant rolled the window down, Officer Graves could tell the smell of marihuana was coming from inside the vehicle. Officer Graves "stuck [his] nose" inside the vehicle to confirm the smell. Officer Graves also observed a small bag of marihuana in plain view on the seat between Appellant's leg and the vehicle's center console.

After spotting the bag of marihuana, Officer Graves observed Appellant grab the bag and make "furtive movements" in an apparent attempt to hide it.

2

Officer Graves ordered Appellant out of the vehicle, handcuffed him, and searched his person. During the search of Appellant's person, Officer Graves found a bag containing 5.7 grams of cocaine in Appellant's pants.

Appellant offered a dashcam video of the traffic stop and the subsequent search of his person into evidence. After reviewing the evidence, the trial court denied Appellant's motion to suppress. Subsequently, Appellant pleaded guilty to one count of possession of cocaine. Punishment for the offense was enhanced to that for a first-degree felony because Appellant had a prior conviction for possession of cocaine with intent to deliver. This appeal followed.

*Analysis*

In a single issue on appeal, Appellant argues that Officer Graves lacked probable cause to conduct the warrantless searches of the vehicle and Appellant's person, which led to the discovery of the bag of cocaine.[1] Appellant contends the searches violated his rights under the Fourth Amendment to the United States Constitution; Article I, section 10 of the Texas Constitution; Article 1.051 of the Texas Code of Criminal Procedure; and Texas Rule of Appellate Procedure 44.2(a). Although Appellant claims that Article 1.051 and Rule 44.2(a) were violated, he offers no explanation for his assertion. Instead, Appellant asserts that Officer Graves violated Appellant's right to privacy when he asked Appellant to roll down the window and then stuck his nose inside the vehicle. We disagree.

---

[1]We note that Appellant's standing to challenge a search of the vehicle was not addressed at trial or raised on appeal. *See generally Lewis v. State*, 664 S.W.2d 345, 347–49 (Tex. Crim. App. 1984) (addressing passenger's standing to challenge search of vehicle). We also note that an appellate court may raise the issue of standing on its own. *Kothe v. State*, 152 S.W.3d 54, 60 (Tex. Crim. App. 2004). However, because the State has not raised the issue of standing and because the disposition of this appeal would not be altered by a discussion of Appellant's standing, we decline to address it here. *See id.*

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). When we review a ruling on a motion to suppress, we apply a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016). We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Id.*; *Martinez*, 348 S.W.3d at 922–23. We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Brodnex*, 485 S.W.3d at 436. When the trial court makes express findings of fact, we first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). "We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008).

Pursuant to the Fourth Amendment, a warrantless search is per se unreasonable unless it falls within a warrant exception. *Arizona v. Gant*, 556 U.S. 332, 338 (2009); *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). "Under the automobile exception, law enforcement officials may conduct a warrantless search of a vehicle if it is readily mobile and there is probable cause to believe that it contains contraband." *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009). Probable cause exists when the facts and circumstances known to law enforcement officers are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been, or is being, committed. *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949); *Marcopoulos v. State*, 538

S.W.3d 596, 599–600 (Tex. Crim. App. 2017). "[M]arihuana odor alone can provide sufficient probable cause for a warrantless search of one's person or vehicle." *Deleon v. State*, 530 S.W.3d 207, 211 (Tex. App.—Eastland 2017, pet. ref'd); *see Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006); *Moulden v. State*, 576 S.W.2d 817, 820 (Tex. Crim. App. [Panel Op.] 1978).

Likewise, while not technically an "exception," a seizure of contraband under the plain view doctrine is presumptively reasonable. *Walter v. State*, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000). If "contraband is left in open view and is observed by a police officer from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no 'search' within the meaning of the Fourth Amendment." *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993); *Walter*, 28 S.W.3d at 541–42. Thus, an officer's observation "of contraband or evidence of a crime in plain view inside an automobile can be used to establish probable cause to seize the contraband or evidence." *Dahlem v. State*, 322 S.W.3d 685, 689 (Tex. App.—Fort Worth, 2010, pet. ref'd). Lastly, once an officer has probable cause to arrest, he may search the accused incident to the arrest. *State v. Sanchez*, 538 S.W.3d 545, 550 (Tex. Crim. App. 2017). "A search incident to arrest permits officers to search a defendant, or areas within the defendant's immediate control, to prevent the concealment or destruction of evidence." *McGee*, 105 S.W.3d at 615.

Here, Officer Graves testified that, while standing outside the vehicle, he could smell marihuana. When Appellant rolled down the passenger-side window, Officer Graves could tell that the smell of marihuana was emanating from inside the vehicle. Although Appellant contends that Officer Graves stuck his nose inside the vehicle prior to smelling the marihuana, the trial court was free to believe Officer Graves's testimony. *See State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim.

App. 1999) ("In a suppression hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given to their testimony."). Thus, given that there is no dispute that the vehicle was "readily mobile," the marihuana odor emanating from the vehicle was sufficient to provide Officer Graves with probable cause to search the vehicle and its occupants. *See Deleon*, 530 S.W.3d at 211; *Keehn*, 279 S.W.3d at 335.

Furthermore, Officer Graves also testified that he observed the bag of marihuana in plain view on the seat next to Appellant. Although Officer Graves could not recall whether he saw the bag before or after he had stuck his nose inside the vehicle, Officer Graves observed the bag from a lawful vantage point. *See Deleon*, 530 S.W.3d at 211. This is because, even if Officer Graves observed the bag only after he stuck his nose inside the vehicle, Officer Graves already had probable cause to search the vehicle based on the marihuana odor. *See id.* Thus, given Officer Graves's observation of the marihuana, along with the odor of marihuana emanating from the vehicle and Appellant's furtive movements, Officer Graves had probable cause to believe that Appellant had committed the offense of possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2017) (knowingly or intentionally possessing a useable quantity of marihuana is an offense); *Marcopoulos*, 538 S.W.3d at 600 (furtive gestures, when coupled with other reliable information or suspicious circumstances, may give rise to probable cause). Therefore, Officer Graves lawfully arrested Appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2015) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."). After arresting Appellant for the marihuana, Officer Graves lawfully conducted a search of Appellant's person incident to his arrest. *See McGee*, 105

S.W.3d at 615; *Sanchez*, 538 S.W.3d at 550. During the search, Officer Graves found the bag of cocaine in Appellant's pants—evidence that led to Appellant's conviction for the current offense.

Thus, because Officer Graves had probable cause to conduct a warrantless search of the vehicle and of Appellant's person, the trial court did not err in denying Appellant's motion to suppress. We overrule Appellant's sole issue.

*Conclusion*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


February 14, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.