**Opinion filed November 27, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00346-CR

_____

## MICHAEL TYRONE JOHNSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-17-0515-CR**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, Michael Tyrone Johnson, guilty of the offense of possession of a controlled substance, methamphetamine, in the amount of one gram or more but less than four grams. The jury found both enhancement allegations to be true and assessed Appellant's punishment at confinement for fifty years and a $10,000 fine. The trial court sentenced Appellant accordingly. In his sole issue on

appeal, Appellant asserts that the trial court erred by denying Appellant's motion to suppress evidence. We affirm.

*Background Facts*

Appellant filed a pretrial motion to suppress evidence that was obtained as a result of a warrantless search of a vehicle. The trial court conducted a pretrial hearing on the motion. One witness testified at that hearing: Officer Shahin Allafchian of the Odessa Police Department.

The record from the pretrial hearing reflects that, on December 28, 2016, Officer Allafchian conducted a traffic stop on a vehicle that was being driven by Appellant. The officer's reasons for stopping the vehicle were that it had no license plate lights and that Appellant had failed to signal for the required distance prior to turning and had failed to come to a complete stop at a stop sign. Appellant promptly pulled over and stopped in a parking lot, and Officer Allafchian pulled in behind Appellant and exited his patrol car. Officer Allafchian detected the odor of fresh marihuana coming from the vehicle as he approached it. Due to the odor of marihuana, Officer Allafchian decided to detain Appellant, who was the only occupant of the vehicle, and conduct a narcotics investigation.

Officer Allafchian testified that he "had probable cause to believe a crime had been committed or was being committed." Officer Allafchian handcuffed Appellant, placed him in the backseat of the patrol car, and then searched the vehicle that Appellant had been driving. In the driver's side door, Officer Allafchian found a plastic baggie that contained what he described as "Ecstasy pills"; subsequent testing at the crime lab revealed that the pills contained methamphetamine. Officer Allafchian also found approximately four ounces of marihuana in the vehicle that Appellant had been driving. The marihuana was located in the trunk of the vehicle.

2

During the investigation, Appellant gave false information about his name and date of birth. When Appellant's real name and date of birth ultimately came to light, officers at the scene determined that Appellant had a warrant for his arrest.

The trial court subsequently entered findings of fact and conclusions of law and an order denying Appellant's motion to suppress. The trial court found the officer's testimony—that he smelled marihuana—to be credible and concluded that, based on the smell of marihuana emanating from the vehicle, the officer had probable cause to search the entire vehicle. The trial court also concluded that, because the "automobile exception" applied, no search warrant was necessary.

*Analysis*

In his sole issue on appeal, Appellant asserts that the trial court erred when it denied Appellant's motion to suppress the evidence obtained from a warrantless search of the vehicle. In reviewing the record in this cause, we noted that Appellant's trial counsel[1] affirmatively stated that he had "[n]o objection" when the State offered each of the following exhibits into evidence at trial: the video of the traffic stop, the warrant for Appellant's arrest, the report from the DPS crime lab, and the bag that contained methamphetamine. By affirmatively stating that he had "no objection" to any of these exhibits, Appellant waived his previously preserved complaint regarding the ruling on his motion to suppress. *See Thomas v. State*, 408 S.W.3d 877, 885–86 (Tex. Crim. App. 2013). Nothing in the record before us indicates that Appellant did not intend for his "no objection" statement to constitute an abandonment of his motion to suppress. *See id.* at 885. When an appellate court simply cannot tell, from the record as a whole, "whether an abandonment was intended or understood, then, consistent with prior case law, it should regard the 'no objection' statement to be a waiver of the earlier-preserved error." *Id.* Under such

---

[1] Trial counsel was not the attorney that had represented Appellant at the time that the motion to suppress was filed and heard.

3

circumstances, "the affirmative 'no objection' statement will, by itself, serve as an unequivocal indication that a waiver was both intended and understood." *Id.* at 885–86. We hold that Appellant waived his complaint regarding the trial court's denial of the motion to suppress.

Moreover, even if Appellant had not waived the issue, we would nonetheless overrule the issue on the merits. A trial court's ruling on a motion to suppress is reviewed for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016); *Martinez*, 348 S.W.3d at 922–23. We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 922–23. We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 923.

Appellant cites *Arizona v. Gant* in support of his contention on appeal that Officer Allafchian was not justified in conducting a warrantless search of the vehicle that Appellant had been driving because, at the time of the search, Appellant had been arrested and no longer had access to the vehicle. *See Arizona v. Gant*, 556 U.S. 332, 346 (2009) (holding that officer may conduct a vehicle search incident to an arrest "when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest"). Assuming, without deciding, that Appellant is correct in his contention that he was under arrest, rather than merely detained, at the time of the search, we do not agree that the portion of *Gant* upon which Appellant relies—i.e., that an officer may conduct a vehicle

search incident to arrest when the arrestee is within reaching distance of the vehicle—is controlling under the facts of this case.

As noted by the Court in *Gant*, an officer may search a vehicle if there is reason to believe that it contains evidence of the offense of arrest. *Id.* The Court in *Gant* also recognized other exceptions to the warrant requirement, including the situation in which "there is probable cause to believe a vehicle contains evidence of criminal activity." *Id.* at 347 (citing *United States v. Ross*, 456 U.S. 798, 820–21 (1982)). The Court in *Gant* indicated that "*Ross* allows searches for evidence relevant to offenses other than the offense of arrest, and the scope of the search authorized is broader." *Id.* When an officer has probable cause to believe that a vehicle contains evidence of criminal activity, the officer is authorized to search any area of the vehicle in which the evidence might be found. *Id.*

Here, Officer Allafchian had probable cause to believe that the vehicle contained contraband. Probable cause to search exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). The odor of marihuana emanating from a vehicle may provide probable cause for a warrantless search of the vehicle. *See Moulden v. State*, 576 S.W.2d 817, 819–20 (Tex. Crim. App. [Panel Op.] 1978); *Deleon v. State*, 530 S.W.3d 207, 210–11 (Tex. App.—Eastland 2017, pet. ref'd). The trial court in this case found the officer's testimony to be credible with respect to the odor of marihuana coming from the vehicle, and we defer to that finding as it is supported by the record. Based on that finding and the totality of the circumstances that show probable cause for the warrantless search, we hold that the trial court did not abuse its discretion when it denied Appellant's motion to suppress. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


November 27, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.