

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00137-CR

JASON LEE SHOVEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th District Court
Dallas County, Texas
Trial Court No. F19-33076-N

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Jason Lee Shoven was indicted for possession of methamphetamine in an amount of one or more but less than four grams. After the trial court overruled his motion to suppress, Shoven pled guilty to the offense and was placed on deferred adjudication community supervision for two years. Pursuant to the trial court's permission, Shoven appeals the trial court's ruling on the motion to suppress. Because we determine that Shoven's suppression motion was properly overruled, we affirm the trial court's judgment.[1]

*(1)        Factual and Procedural Background*

At the suppression hearing, Travis Allen, an officer with the Irving Police Department, testified that he ran the license plate of the vehicle Shoven was travelling in and discovered that the vehicle had an expired registration and "unconfirmed insurance." According to Allen, "[U]nconfirmed insurance . . . means that, more than likely, it[] . . . doesn't have insurance." Allen initiated a traffic stop and noticed "furtive gestures [inside the vehicle] as [he] was pulling the vehicle over." Allen approached the driver, Christina Blowey, and asked her about the expired registration and proof of insurance. Allen said that Blowey could not roll down her window and had to open the driver's side door to confirm that she did not have proof of insurance or a driver's license. A recording of the stop showed that Blowey also admitted to having outstanding warrants for her arrest.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

According to Allen, he immediately smelled "a pretty strong odor of green marijuana coming from the open driver's door" as he stood next to the vehicle. Allen explained that he could distinguish "between burned and green marihuana" and that "the odor is very loud." Allen brought Blowey out of the car to question her and entered the information for the traffic citations into the patrol unit's system. Allen testified that, when he asked Blowey about the smell, "she mentioned that they had been smoking or had smoked." After he smelled unburned marihuana, Allen said his "plan was to . . . do a complete probable cause search of the vehicle." Because Shoven, who was in the front passenger seat, and another backseat passenger were present, Allen called for backup.

While waiting for backup to arrive, Allen spoke with Shoven, who appeared uncommonly nervous because unlike "almost everybody" else in the vehicle, Shoven did not "calm[] down after [his] initial nervousness." The recording captured Shoven showing Allen that he had a pocketknife and placing it on the dashboard. According to Allen, while Shoven was still seated in the car, Shoven also "said there was a blunt[,] . . . and he pointed to the center console." Even though Shoven did not indicate that the blunt was his, Allen asked Shoven to get out of the car so he could search him for contraband and weapons. Allen testified that, as he approached Shoven's ankle and feet, Shoven "began stiffening up and rolling his ankle joint around, almost as if to try to . . . control where [his] hand was going to try to prevent [him] from feeling . . . an object . . . within his sock."

Allen said that his training and experience had taught him that it was very common for people to hide weapons and contraband in boots and socks. Allen felt "something lumped down

3

near [Shoven's] ankle" and placed him in handcuffs, because he was outnumbered and did not "trust the stiffening of [Shoven's] body and his answers." By continuing the search after Shoven was handcuffed, Allen found a little bag of methamphetamine on the inside of Shoven's right ankle. Allen testified that they also found "marijuana flakes, [or] . . . evidence of marijuana usage all about the vehicle in the front" of the vehicle. Allen testified that he had not completed the traffic stop when he spoke with Shoven, although he had entered Blowey's data into the system to issue citations.

After the suppression hearing, the trial court overruled Shoven's motion and entered findings of fact and conclusions of law. In its fact-findings, the trial court determined that Allen was a credible witness who conducted a traffic stop of a vehicle in which Shoven was the front passenger. The trial court found the following: (1) there was a strong odor of marihuana, (2) Blowey admitted they had smoked marihuana, (3) Shoven admitted that there was a blunt in the vehicle and pointed to the center console, (4) Shoven acted suspicious while standing outside of the vehicle talking to Allen, (5) Shoven was removed from the vehicle and searched for weapons, (6) Allen felt a lump near Shoven's ankle, (7) Allen's training and experience showed that boots and socks are places that people will hide weapons or contraband, (8) Allen found a baggie of methamphetamine in Shoven's sock, and (9) Shoven was arrested.

Under its conclusions of law, the trial court found:

1)      Officer Allen had reasonable suspicion to detain Defendant to determine if he was involved in unlawful activity.

2)      Officer Allen had the right to pat down the Defendant through his outer clothing for officer safety.

4

3)      Officer Allen had probable cause to retrieve the lump near Defendant's ankle to determine whether it was a weapon or contraband.

4)      Officer Allen had probable cause to arrest the Defendant for possession of methamphetamine.[2]

*(2)     Standard of Review*

"We review a trial court's ruling on a motion to suppress under a bifurcated standard of review." *Consuelo v. State*, 613 S.W.3d 330, 332 (Tex. App.—Dallas 2020, no pet.) (citing *State v. Ruiz*, 577 S.W.3d 543, 545 (Tex. Crim. App. 2019)). "We give almost total deference to the trial court's determination of historical facts and review de novo the application of the law to the facts." *Id.* (citing *Ruiz*, 577 S.W.3d at 545). "We view the record in the light most favorable to the trial court's ruling and uphold the ruling if it is supported by the record and is correct under any theory of the law applicable to the case." *Id.* (citing *Ruiz*, 577 S.W.3d at 545).

*(3)     Allen Had Probable Cause to Arrest Shoven*

"The Fourth Amendment prohibits unreasonable searches and seizures." *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). "A stop and frisk by law enforcement implicates the Fourth Amendment's protections." *Id.* "This is true whether the person detained is a pedestrian or the occupant of an automobile." *Id.* "A Fourth Amendment analysis regarding an officer's stop and frisk has two prongs." *Id.* "A court must first decide whether the officer's action was justified at its inception." *Id.* "Next, a court must decide whether the search and

---

[2]By a separate point of error, Shoven argues that the trial court erred in failing to make findings of fact and conclusions of law. Because the trial court did issue such findings and conclusions, we overrule this point of error as meritless.

5

seizure were reasonably related in scope to the circumstances that justified the stop in the first place." *Id.*

"In the context of a traffic stop, police officers are justified in stopping a vehicle when the officers have reasonable suspicion to believe that a traffic violation has occurred." *Id.* at 190. Allen testified that he became aware that the vehicle Blowey was driving had an expired registration and unconfirmed insurance before pulling her over. As a result, it is uncontested that Allen's initial stop of the vehicle was justified.

Instead, in his point of error on appeal, Shoven argues that the scope of Allen's search of his person "went outside the permissible scope of a *Terry*[3] pat-down." "In order to justify a pat-down, the officer must reasonably believe that the suspect is armed and dangerous, such that the officer can point to specific and articulable facts which reasonably lead him to conclude that the suspect might possess a weapon." *Id.* at 191. Shoven argues that Allen's pat-down went beyond what was necessary to determine whether he was armed.

Regardless of Shoven's claim regarding the pat-down search, we find that Allen did not find the drugs based merely on a *Terry* pat-down. Rather, because we affirm the trial court's judgment if it is correct under any theory of law applicable to the case, regardless of Allen's testimony that he was conducting a pat-down search for weapons, we turn to the question of whether Allen had probable cause to search Shoven for drugs. *See Walter v. State*, 28 S.W.3d 538, 542–53 (Tex. Crim. App. 2000); *Jordan v. State*, 394 S.W.3d 58, 64 (Tex. App.—Houston

---

[3]*Terry v. Ohio*, 392 U.S. 1 (1968).

6

[1st Dist.] 2012, pet. ref'd); *Rice v. State*, 195 S.W.3d 876, 883 (Tex. App.—Dallas 2006, pet. ref'd).

"Probable cause for an arrest exists where, at that moment, facts and circumstances within the knowledge of the arresting officer, and of which he has reasonably trustworthy information, would warrant a reasonably prudent person in believing that a particular person has committed or is committing a crime." *State v. Morales*, 322 S.W.3d 297, 299 (Tex. App.—Dallas 2010, no pet.) (quoting *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999)). "As noted by the Court of Criminal Appeals in *Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006), particularized suspicion is not required when the odor of marihuana is detected inside a small, enclosed area such as a car." *Jordan*, 394 S.W.3d at 64. As a result, "the odor of [marijuana] alone is sufficient to constitute probable cause to search a defendant's person, vehicle, or objects within the vehicle." *Id.* (citing *Hitchcock v. State*, 118 S.W.3d 844, 850–51 (Tex. App.—Texarkana 2003, pet. ref'd) (officer smelled marihuana in car, could have deduced that passengers might have concealed marihuana on their persons, and "had probable cause to believe that any evidence of drugs on [defendant]'s person could have been destroyed during the time it would have taken to obtain a search warrant") (citations omitted); *Small v. State*, 977 S.W.2d 771, 774 (Tex. App.—Fort Worth 1998, no pet.)).

Here, although Allen stopped the vehicle for a traffic violation, it became immediately apparent that there was marihuana in the vehicle. "The strong odor of marihuana emanating from the car gave . . . probable cause to search not only the vehicle, but also its passengers" for drugs. *Id.* at 65; *see Glenn v. State*, 475 S.W.3d 530, 540 (Tex. App.—Texarkana 2015, no pet.)

(citing *Parker*, 206 S.W.3d at 597 n.11); *Harris v. State*, 468 S.W.3d 248, 255 (Tex. App.—Texarkana 2015, no pet.); *see also Deleon v. State*, 530 S.W.3d 207, 211 (Tex. App.—Eastland 2017, pet. ref'd); *Hitchcock*, 118 S.W.3d at 850–51; *State v. Crawford*, 120 S.W.3d 508, 510 (Tex. App.—Dallas 2003, no pet.). In addition, before Allen had searched Shoven, Blowey had admitted to Allen that they had smoked marihuana and Shoven had told Allen that there was marihuana in the car and that he knew the marihuana's location.

Because Allen had probable cause to search Shoven for drugs, the trial court properly overruled his suppression motion. We overrule Shoven's point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 31, 2021
Date Decided:      April 27, 2021

Do Not Publish

8